SAMUEL C. PICKARD & ALS., *v.* DAVID G. PERLEY.

A notice to quit by two of three joint lessors will not terminate the entire tenancy so as to enable the three lessors to maintain summary proceedings under the landlord and tenant act.

Where the party giving the notice assumed to act for three lessors, but had in fact no authority from one of them, a subsequent ratification, made after the time when the notice was to take effect, will not be equivalent to a prior authority.

APPEAL by the defendant from the judgment of a Justice of the Peace.

The action is brought by the plaintiffs under the landlord and tenant act to obtain possession of certain premises in Fisherville. The writ is dated Dec. 2, 1863, and the plea is the *general issue*. The plaintiffs' title is by a deed from certain grantors, whose seizin was admitted, to " Samuel C. Pickard, Seth B. Hoit, and George B. Elliot," of, &c., " trustees of the Washington Hotel Company," to them and their heirs, forever, and in all other respects is a warranty deed to the plaintiffs in common form. The defendant entered the demanded premises under a contract of letting made with him by the plaintiffs, either as trustees or as owners of the land, and his rent was payable monthly. The notice to quit was dated Oct. 31, 1863, and was served on the defendant upon the same day by Samuel C. Pickard. It is a notice in the usual form, requiring the defendant to quit, &c., the premises on the first day of December then next, and is signed, " Samuel C. Pickard, Seth B. Hoit, George B. Elliot, by their Att'y, N. Butler." No objection was made to the notice by the defendant, at the time it was delivered to him, nor

at any time before the commencement of the suit.    N. Butler is an attorney of this court who commenced, has conducted, and still conducts, the present proceedings as attorney for the plaintiffs.    The defendant objected to the sufficiency of the notice, but the court overruled his objection.    The defendant offered evidence tending to show that one of the plaintiffs had not authorized or assented to the notice at the time it was served, or at any time thirty days before the expiration of the notice, or authorized or assented to the commencement of this suit, but the court rejected the evidence.    To these rulings the defendant excepted.

*N. Butler*, for plaintiffs.

The defendant's objection to the sufficiency of the notice was properly overruled.

The statute does not require that the notice in writing should be *signed* by the lessor; and we submit that where, as in this case, the notice is served by the lessor himself, giving the same in hand to the tenant, the court will hold it to be immaterial whether the notice is signed.    Rev. Stat. chap. 209, sec. 1.    The design of the Legislature was to provide a summary mode of terminating tenancies, and to do away with the technicalities and delay incident to proceedings at common law.    *Currier* v. *Perley*, 24 N. H. 219.

But if the court hold, under the facts of this case, that the notice must be signed at all, then we submit that the signature of plaintiffs by their attorney is sufficient.    Whatever a party can properly do, and which is necessary to be done, in order to the proper commencement of an action, and the prosecution of the same to its legitimate results, may be done by an attorney employed to bring about such results.    *White* v. *Hildreth*, 13 N. H. 108 ; *Payne* v. *Smith*, 12 N. H. 38, and cases cited.    *Stevens* v. *Reed*, 37 N. H. 53, was an action to recover dower, and the demand of dower was signed by attorneys.    The statutes in regard to demand of dower and notice to quit are substantially similar.    Rev. Stat. chap. 209, sec. 1 ; 205, sec. 2 ; *Johnson* v. *Bent*, opinion by Mr. Justice Doe at the present term, Hillsborough ; *Roe* v. *Pierce*, 2 Camp. R. 96 ; *Goodtitle* v. *Woodward*, 3 Barn. & Ald. 689.

The defendant's counsel in their brief seem to admit the notice to be sufficient if Butler had authority from the plaintiffs.    On this point we say that the service of the notice by one of plaintiffs in person, and the fact that the notice was signed by a regular attorney of this court, is suffi..ent evidence of authority if such evidence were necessary.    But we submit it is too late to take this exception ; it should have been taken at the time of the service of the notice, or before the commencement of the action.    *Payne* v. *Smith*, 12 N. H. 39.    Defendant's counsel suggest that "if defendant, acting on the notice as valid, had quit, he might have still continued liable for the rent to plaintiffs in case they disavowed the notice."    It is not pretended that there was not authority from two of the plaintiffs, and we submit defendant could not be liable for rent to the third.    Defendant had the opportunity, at the time of the service of the notice and afterwards before the commencement of the action, to

take this exception to the notice, (*Stevens* v. *Reed*, above cited,) but has lain by, during all the proceedings before the justice, until this appeal is entered in this court, (as the papers in the case show) ; and now, we submit, he is estopped.    No one, except the alleged dissenting plaintiff himself, will be allowed by the court to object to the prosecution of this suit in his name.    What will amount to a waiver, is, we submit, a question of law for the court.

" The defendant offered evidence tending to show that one of plaintiffs had not authorized or assented to the notice at the time it was served, or at any time thirty days before the expiration of the notice, or authorized or assented to the commencement of this suit."    This evidence was properly rejected by the court.    Because it is entirely immaterial whether said plaintiff authorized or assented to the *notice* or the *commencement of the suit.*    The true question, if any, on this part of the case is, whether or not said plaintiff authorized or assented to the employment of said Butler to evict said defendant from the premises.    *White* v. *Hildreth*, above cited.    Defendant did not offer any evidence tending to show that said plaintiff had made any objection or had not acquiesced in the prosecution of this suit, since its commencement.    If plaintiffs hold and control the premises as trustees, the notice by some of the trustees is good for all.    *Doe* v. *Summersett*, 1 Barn. & Adolph. 135. If they hold as trustees, they are joint tenants.    Williams on Real Property, p.* 111 ; Rev. Stat. chap. 129, sec. 2.    And the lessee holds of all, so long as he and all shall please ; and as soon as any one of the joint tenants gives notice to quit, he in fact puts an end to the tenancy. Taylor's Landlord & Tenant, sec. 479, and cases cited.

In *Mussey* v. *Holt*, 24 N. H. 248, the court hold that " one tenant in common cannot, without authority from his associates, bind them by a lease ;" but it does not follow that one tenant in common can, by refusing to act with his fellows, prevent the termination of an unprofitable tenancy.    A more reasonable inference from the decision in that case would seem to be, that, as the tenancy cannot be commenced without the joint act of all the co-tenants, so it can be continued only during the concurring will of all.    If then, as we suggest, the notice is correct in form, or the defendant has waived his right to object to the form of the notice, in whichever capacity plaintiffs hold the premises, whether as trustees or tenants in common, they are entitled to judgment.

*Minot* & *Mugridge*, for defendant.

. The evidence proposed was erroneously rejected by the court.

*Stevens* v. *Reed*, 37 N. H. 49, is authority only to the point, that the commencement of the suit was competent proof of authority, and not to the extent of the ruling of the court in this case, that it was conclusive.    The same remarks apply, also, to the real point decided in *Payne* v. *Smith*, 12 N. H. 34.    And the authorities cited by the court in that case do not go any further.

It may be admitted, that, when a party does not at the time require proof of the authority of an agent, he shall be estopped afterwards to ob-

ject that such proof was not furnished ; but that does not affect the point in this case, not of want of proof of authority, but want of authority itself. There is nothing in the case to show a waiver by the defendant, of any objection on account of the want of authority in Butler to sign the notice. It does not appear, that, at the time the notice was served on him, he had any opportunity to make any objections or to even examine the notice. Pickard may have delivered it to him, and immediately left before the defendant had any opportunity to see what it was, or to make any objection if he had desired. Under such circumstances there would be no implied waiver.

And even if there were facts from which a jury might have inferred a waiver, yet the court could not determine, as a matter of law, that there was a waiver, and therefore exclude the evidence proposed. The subsequent proceedings by Butler, as counsel for the plaintiffs, did not amount to such a ratification of his act in giving the notice, as to render it valid. No subsequent ratification would be sufficient for that purpose. Story on Agency, sec. 246–7. In the present case, if the defendant, acting on the notice as valid, had quit the premises, he might have still continued liable for the rent to the plaintiffs in case they disavowed the notice, which alone would authorize him to leave the premises and discharge him from any liability for future rent. The notice to be sufficient must be complete and valid, at least, for the length of time required by the statute, so that the party can act upon it with safety. But such would not be the case if its validity depended on any future recognition and ratification of it, which might or not be made.

The plaintiffs hold and control the property as trustees of the Washington Hotel Company, or as owners ; if as trustees, a notice to quit would not be sufficient unless authorized or agreed to by each and all of them, and if as tenants in common, notice by one on behalf of himself and co-tenants would be valid only so far as his own share was concerned, unless, at the time, he was acting under the authority of the other parties mentioned in the notice. Taylor's Landlord and Tenant, sec. 579, and cases cited. One tenant in common cannot, without authority from his associates, bind them by a lease. *Mussey* v. *Holt*, 24 N. H. 248 : Nor has he, we submit, the power to terminate a lease made by all, without the assent of each.

Bellows, J. A notice to quit, given by one assuming to act as the agent of another, but, in fact, having no authority, is not rendered valid as the foundation for summary proceedings under the landlord and tenant act, by a subsequent ratification, unless such ratification be as early as the time such notice is to operate. Until the notice is made effectual the tenant may properly disregard it ; and, indeed, were he to quit the demanded premises in pursuance of such unauthorized notice, he might still be holden to pay rent, inasmuch as he, also, is required to give notice of his termination of the tenancy. *Currier* v. *Perley*, 24 N. H. 227.

To hold, then, that a ratification, by the lessor, of the act of such unauthorized agent, made subsequent to the time when the notice was to

operate, should relate back to its date, would be manifestly unjust, and is not, we think, upheld by the authorities. Judge Story, in his work on Agency, sec. 245, lays it down that where an act is beneficial to the principal and does not create an immediate right to have some other act or duty performed by a third person, but amounts simply to the assertion of a right on the part of the principal, then the general rule, referring to the effect of ratification, seems generally applicable. But if the act done by such third person, would, if authorized, create a right to have some act or duty performed by a third person, so as to subject him to damages or losses, or would defeat a right, or an estate, already vested in the latter, then the subsequent ratification or adoption of the unauthorized act by the principal, will not give validity to it so as to bind such third person to the consequences. See, also, *Ibid.* sec. 246.

This doctrine was applied to notices to quit, in *Doe dem. Mann* v. *Walters,* 10 B. &. C. 626; and in *Doe dem. Lyster* v. *Goldwin,* 2 A. & E. N. S. 143; *Right* v. *Cuthell,* 5 East, 498, 500. The case of *Goodtitle* v. *Woodward,* 3 Barn. & Ald. 689, holds that there may be such subsequent ratification of a notice to quit, but this case is questioned by some of the judges in *Doe* v. *Walters,* before cited, and besides it is said in note 2 to sec. 246, Story on Agency, that the case of *Goodtitle* v. *Woodward* may be supported upon another ground. So, it is held, in *Fiske* v. *Holmes,* 41 Maine, 441, that a subsequent ratification will not operate to prejudice intervening rights, or to prejudice a person who has been guided by the transaction as it actually occurred.

The same principle has been applied in this State to a subsequent assent to the delivery of a deed. *Derry Bank* v. *Webster & al.,* 44 N. H. 269. *Right* v. *Cuthell,* 5 East, 498; was a case of a lease for twenty-one years, with a proviso that either party, their respective heirs and executors, might terminate it at the end of seven or fourteen years, by six months previous notice in writing, under his or their respective hands; and, on the death of the lessor, two of the three executors, in behalf of themselves and the other, gave the notice, and it was held not to be sufficient; and also, that a subsequent ratification by the other executor joining in the ejectment did not avail, "because the tenant was entitled to such notice as he could act upon with certainty at the time it was given, and was not bound to submit himself to the hazard, whether the third co-executor chose to ratify the act of his companions, or not, before the six months elapsed."

There are several cases in this State touching a subsequent ratification of the act of one assuming to be an agent; among these are *Payne* v. *Smith,* 12 N. H. 34; *Gale* v. *Tappan,* 12 N. H. 145; *Grafton* v. *Follansbee,* 16 N. H. 450; *Ham* v. *Boody,* 20 N. H. 411; *Odiorne* v. *Mason,* 9 N. H. 24; *Corser* v. *Paul,* 41 N. H. 24; but none of these we think conflict with the views we have expressed.

On the contrary, in the case of *Grafton* v. *Follansbee,* where there was a suit against a collector of the town for moneys collected by him, and the plaintiff relied upon a demand by the town treasurer, ratified afterwards by bringing the suit, the court held that although the treasur-

er had no authority to make a demand, yet as payment to him would have discharged the collector, the subsequent ratification was good. See *Stevens* v. *Reed*, 37 N. H. 49, where the doctrine of *Payne* v. *Smith*, 12 N. H. 38, was applied to demand of dower by attorney.

Our conclusion, then, is, that the bringing of the suit, or other act, after the time when the notice to quit was to operate, could not be regarded as a ratification, so as to lay the foundation for this proceeding.

Another question, however, arises, and that is, whether a notice by two of the three lessors is sufficient to terminate the tenancy as to all. If the lessors are to be regarded as tenants in common, it must be understood, as in the case of joint tenants, that each demised his own share and might put an end to that demise so far as it affected his own share, without the concurrence of his co-lessors. Co. L. 186, a; *Doe* v. *Chaplin*, 3 Taunt. 120; *Doe* v. *Summersett*, 1 Barn. & Adolph. 135.

The notice, then, by two of the three lessors would put an end to the tenancy, in respect to their shares; and the question would be, whether it would also terminate the entire tenancy, so as to enable all the lessors to join in this proceeding. In *Doe* v. *Summersett*, 1 B. & Ad. 135, before cited, which was a demise by two joint tenants, it was held that a notice to quit by one, in behalf of both, was sufficient to terminate the tenancy as to all, and it was put upon the ground, that, although upon a joint lease by joint tenants, each demises his own share, yet the operation of it is, that the tenant holds the *whole* of *all* the lessors so long as *he* and *all* shall please, and not that he holds the share of each so long as *he* and *each* shall please; and that as soon as any of the lessors gives a notice to quit he effectually puts an end to *that* tenancy, and the tenant has a right to give up the whole; and unless he comes to a new arrangement with the other lessors, he is compellable to do so. Lord Tenterden, in giving the opinion of the court, says: "The hardship upon the tenant, if he were not entitled to treat a notice from one as putting an end to the tenancy as to the whole is obvious; for, however willing a man might be to be sole tenant to an estate, it is not likely he should be willing to hold undivided shares of it; and if upon such a notice the tenant is entitled to treat it as putting an end to the tenancy as to the whole, the other joint tenants must have the same right. It cannot be optional on one side only."

The reasoning of Lord Tenterden applies with equal force to the case of a joint lease by tenants in common; for there is the same unity of possession as in the case of joint tenants, and it would be equally a hardship upon the tenant if he could not treat a notice by one tenant in common, as putting an end to the entire tenancy.

The case of *Doe* v. *Summersett*, then, must be considered an authority directly to the point that the notice was sufficient in the case before us, unless under our statute a different rule is to prevail. On the other hand, in the case of *Doe* v. *Chaplin*, 3 Taunt. 120, which was ejectment on the demise of three out of four joint tenants, and, also, on the demise of the four, it being stated both ways, and the defendants having

entered into the ordinary consent rule, confessing lease, entry and ouster, a verdict was rendered for the defendant upon the supposed deficiency of the notice to quit, it having been signed by three only of the four lessors. Afterwards, the question being reserved, the verdict was set aside upon the ground that the plaintiff was entitled to recover three-fourths of the demised premises. In the examination of the question, the hardship to the tenant, in not being allowed to treat the notice of a part of the lessors as a termination of the entire tenancy, was considered, and although it was not expressly decided that the plaintiff could not recover the whole, as is suggested in *Doe* v. *Summersett*, yet it is to be plainly inferred from the decision that he could not.

The case of *Right* v. *Cuthell*, 5 East, 491, before cited, is to the point, that when, in a lease for twenty-one years there was a proviso that either party, his heirs, or executors, might terminate it at the end of seven or fourteen years, by a notice in writing under his or their respective hands, a notice signed by two of the three executors of the lessor was insufficient. See also Taylor's Landlord & Tenant, sec. 479.

So it is laid down that if joint tenants join in a feoffment, every one of them in judgment of law doth give but his part, and, therefore, if two joint tenants make a feoffment in fee upon condition, and for breach thereof, one of them shall enter into the whole, yet he shall enter but into a moiety, because no more in judgment of law passed from him. Co. L. 186, a.

By the Compiled Statutes, ch. 222, secs. 1 and 6, any lessor or lessee, may determine any lease at will, or tenancy at sufferance, by giving a notice in writing, to take effect at a day named; and bearing in mind, that, although several joint tenants, or tenants in common, join in a lease, yet each demises only his own share, we think that the weight of authority is against the decision of *Doe* v. *Summersett*, and that a notice to quit by one of the tenants in common will put an end to the lease only as respects the share demised by him.

It is true, that this rule might operate as a hardship upon the tenant where he would be unwilling to hold a share only of the demised premises, and could not give notice of a termination, at the same time, of the entire lease, to the other lessors. On the other hand, cases might often arise where it would be for the interest of the tenant to continue to hold the remaining share, and where he would elect to do so if in his power. To hold, then, that a notice to quit by one of several lessors must terminate the entire lease, might be a great hardship to the tenant, as it might compel him to give up what it would be for his interest to hold, and what he had not been called to surrender by the owner.

If the lease by joint tenants or tenants in common be in the usual form it will be regarded as a demise, by each, of his own share only, and for aught we can see, must, upon authority, stand much upon the same footing as separate leases, so far, at least, as respects the question before us. If, on the other hand, the lease was to be regarded as a joint demise by all, then a notice by all would seem to be necessary to determine it, for it can hardly be concluded that a joint demise could be determined by a single lessor unless so stipulated.

Whether, in any case of a joint lease, and a notice to quit by one of the lessors, the tenant might not at his election give up the whole at the time appointed, upon the ground that he ought not to be required to hold a part only, we need not now enquire, as we are of the opinion that the notice to quit by one only of several lessors will ordinarily terminate the lease only as respects his share.

In the case of *Doe* v. *Chaplin*, the lessors were trustees, and the notice to quit was signed by three out of the four, and also by the *cestui que trust* as it would seem; and in *Right* v. *Cuthell*, 5 East, 491, the original lessor was represented by three executors, two of whom only signed the notice; and no distinction was attempted to be made, in either case, upon the ground that the lessors were merely trustees. Whether in any case a distinction could be made, it is not necessary now to decide.

The fact that the defendant did not object to the notice when it was delivered might be *prima facie* evidence of the authority of Butler, but it was liable to be rebutted by showing the want of such authority.

It is contended by the plaintiff's counsel that it is immaterial whether one of the plaintiffs was shown not to have assented to the notice, provided he assented to the employment of Mr. Butler to obtain possession of the desired premises, and this may be true, and still as part of the defence it would be competent to show want of assent to the notice. With these views, therefore, we think the evidence of want of assent was admissible.